Gazmend BALIDEMIC, Petitioner–Appellant,

v.

DEPARTMENT OF HOMELAND SE-CURITY, Executive Office for Immi-gration Review, Respondents–Appel-lees.

No. 03–40948.

United States Court of Appeals, Second Circuit.

Feb. 17, 2006.

Jack Sachs, New York, NY, for Petition-er–Appellant.

Kent S. Robinson, Assistant United States Attorney, for Karin J. Immergut, United States Attorney for the District of Oregon, Portland, OR, for Respondents–Appellees.

Present: Hon. JOHN M. WALKER, JR., Chief Judge and Hon. ROBERT A. KATZMANN, Hon. BARRINGTON D. PARKER, Circuit Judges.

## SUMMARY ORDER

Gazmend Balidemic, through counsel, petitions for review of a BIA order affirming, without opinion, a decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture. We assume familiarity with the facts and procedural history of this case.

Where, as here, the BIA summarily affirms the IJ's decision, this Court reviews the decision of the IJ directly. *See Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005). We review the IJ's factual findings under the substantial evidence standard. *Zhang v. INS*, 386 F.3d 66, 73 (2d Cir.2004).

At his hearing in 2001, among petitioner's contentions was that he had a well-founded fear that he would be persecuted on the basis of his status as a deserter from the Yugoslavian army if returned to what then was the Federal Republic of Yugoslavia. The IJ denied this claim solely because of an amnesty law recently passed by the Federal Republic of Yugoslavia that facially covered petitioner's situation and, in the IJ's estimation, made such persecution unlikely.

In the intervening five years, the Federal Republic of Yugoslavia has devolved into a loose confederation of Serbia and Montenegro, pursuant to which almost all authority is held by the individual republics. There is thus reason to question whether the law on which the IJ's factual determination rests still exists or is binding on Montenegro, to which petitioner would be deported. In light of these clearly changed circumstances, the administrative record upon which we conduct our review does not contain sufficiently up-to-date information for us to determine whether substantial evidence (or, indeed, any evidence) still supports the IJ's decision as to this claim.

For this reason, we "reserve jurisdiction and remand to the BIA for the limited purpose of entertaining and resolving a motion by applicant to consider whether circumstances ... have so changed that he has a well-founded fear that ... he would be subject to persecution if deported." *Yang v. McElroy*, 277 F.3d 158, 164 (2d Cir.2002). Because the outcome of this motion may well moot this appeal, we do not now address petitioner's remaining contentions, but will do so if and when the BIA rejects this motion.

Accordingly, we VACATE the decision of the BIA in part and remand this case for further proceedings consistent with this order.